UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**ANTHONY L. WALKER**                          Civil No. 3:24-cv-01181
    Plaintiff

        VS.                                    JUDGE: DAVID C. JOSEPH

**UNIVERSITY OF LOUISIANA AT MONROE ET AL**
    Defendants
                    KAYLA D. MCCLUSKY
                    MAGISTRATE JUDGE

## RULE 26(f) REPORT

**Trial Date: Currently not Assigned**

**Pretrial Conference Date: Currently Not Assigned**

**Type of Trial:   X  JURY        ☐  BENCH**

**Estimated length of trial is 4 court days.**

1. **Participants:**

   Carol D. Powell Lexing for Plaintiff
   Joshua J. Dara, Jr., counsel for Defendants.

2. **Affirmation Regarding Initial Disclosures:**

   **The parties affirm that they will exchange Initial Disclosures pursuant to Court Order [Doc.7]. If any delay or extension of time is necessary, the parties will work together to accommodate each other. The parties do not anticipate any conflict regarding Initial Disclosures.**

3. **Jurisdictional Basis:**

   **The Jurisdiction of this court is invoked under 28 U. S. C. Sections 1331 and (Title VII); 1343 (Civil Rights). The state law claims for relief are within the supplemental Jurisdiction of the Court, pursuant to 28 U.S.C. Section 1367. The parties do not object to the Jurisdiction of the Court.**

4. **Brief Description of Claims:**

   **Plaintiff claims arises out of acts of employment discrimination, retaliation, harassment, wages/compensation loss and a violation of the Family Medical Leave Act and the American Disability Act against the Defendants.**

5. **Brief Statement of Responses:**

Defendants deny the allegations presented in the Complaint and assert that the claims are without merit. Specifically, Defendants contend that there is no evidence to substantiate claims of discrimination, retaliation, harassment, or violations of the Family Medical Leave Act and the Americans with Disabilities Act. All employment actions were based on legitimate, non-discriminatory, and non-retaliatory reasons.

6. **Anticipated Amendments to Pleadings and Motions:**

Currently, the parties are unable to discern if there would be amendments to the Pleadings and Motions.

7. **Anticipated Expert Witnesses:**

Currently, Plaintiff has not retained an expert witness; however, anticipate he may seek an expert witness.

Defendants have not retained any expert witnesses at this time.

8. **Discovery Plan:**

The parties conclude that a case specific Scheduling Order may be appropriate for the progression of the case.

9. **Stipulations:**

Currently, the parties have not entered into any stipulations.

10. **Major Issues of Fact and Law in Dispute:**

Whether Defendants discriminated, Retaliated, Harassed, committed Unfair wage/ compensation loss; and Violated the Family Medical Leave Act and the American Disability Act against the Plaintiff Walker.

The Defendants believe the key factual disputes are whether Defendants engaged in discriminatory, retaliatory, or harassing conduct, whether the plaintiff's position and stipend were removed for legitimate reasons, and whether similarly situated individuals outside the plaintiff's protected class were treated more favorably. It is also disputed whether the plaintiff suffered damages or failed to mitigate them. Legally, the issues include whether the plaintiff has proven claims under Title VII, the FMLA, the ADA, and various state law, whether any claims are barred by limitations or legal doctrines, whether Defendants are entitled to immunity, and whether Defendants maintained adequate anti-discrimination policies and addressed complaints properly.

**11. Related Case Information:**

The parties are unaware if this case is related to any pending cases.

**12. Alternative Dispute Resolution (ADR):**

Plaintiff is amenable to a settlement conference with the Magistrate Judge.

Defense counsel states that, he does not have authority to make decisions regarding Alternative Dispute Resolution (ADR). Any such determination requires approval from the clients, and will be revisited as the litigation progresses. Generally, however, counsel recommends mediation with the Magistrate if available.

**13. Rule 16 Conference:**

The Plaintiff is amenable to a Rule 16 conference and believes it would be beneficial.

The Defendants do not object to a Rule 16 conference.

**14. Electronic Courtroom:**

This case is document intensive and may require a Visual Presenter or a portable data storage device.

**15. Electronically Generated Exhibits or Aids:**

Plaintiff currently has not formulated their exhibits or demonstrative aids.

Similarly, Defendants do not have any exhibits or demonstrative aids prepared at this time. Exhibits and other aids will be disclosed in accordance with the applicable rules and deadlines set forth by the Court.

**16. Handicap Provisions:**

The parties are currently unaware of the need for handicap accommodations.


| January 24, 2025 | /s/ *CAROL D. POWELL LEXING* |
|---|---|
| (Date) | **Plaintiff Trial Counsel** |
|  | */s/ JOSHUA J. DARA,JR.* |
|  | Defendants Trial Counsel |