# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| **ANTHONY L. WALKER** | **CIVIL ACTION NO. 24-cv-1181** |
| **VERSUS** | **JUDGE VAN HOOK** |
| **UNIVERSITY OF LOUISIANA AT MONROE ET AL.** | **MAG. JUDGE MCCLUSKY** |

## REPORT AND RECOMMENDATION AND MEMORANDUM ORDER

Before the undersigned Magistrate Judge, on reference form the District Court are two motions: (1) a Motion for Judgment on the Pleadings as to Plaintiff's Americans with Disabilities Act claim [doc. #16] filed by Defendants the University of Louisiana at Monroe ("ULM"); Ronald Berry ("Berry") in his official and individual capacity; Richard Gallot ("Gallot") in his official capacity; and Glen Anderson ("Anderson") in his official and individual capacity (collectively, "Defendants");  and (2) a Motion to Compel and for attorney's fees [doc. #28] filed by Plaintiff Anthony L. Walker ("Walker").

For the reasons assigned below, **IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED** as to Plaintiff's ADA claim.  **IT IS ORDERED** that Williams' Motion to Compel is **DENIED**.

## BACKGROUND

Williams filed the instant suit on August 28, 2024, asserting racial discrimination, retaliation, and harassment claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"); claims under the Family and Medical Leave Act, 29 U.S.C.§ 2601, *et seq.* ("FMLA"); claims under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*

("ADA"); and state law claims of disability discrimination under LA. R.S. 23:332, a provision of the Louisiana Employment Discrimination Law ("LEDL"), La. R.S. 23:303, *et seq.*

On December 31, 2025, Defendants filed a Motion for Judgment on the Pleadings as to Plaintiff's ADA claims. [doc. #16]. In the motion, Defendants argued that the Court would be unable to hear any claims ADA against ULM as well as Anderson and Berry in their official capacities as they were entitled to sovereign immunity. *Id*. Defendants further argue that any claims against the Anderson, Gallot, and Berry in their individual capacity are similarly improper as the ADA does not provide for individual liability. *Id*. Defendants finally assert that even if this Court did have jurisdiction to hear any ADA claims, Walker has failed to make a plausibly plead a claim upon which relief can be granted as he fails to identify any disability, much less one that his employer would have been aware of and failed to accommodate. *Id*.

On February 2, 2026, Walker filed a response to Defendants' motion. [doc. #26]. Walker concedes that the ADA does not impose liability on persons in their individual capacity. *Id*. However, he argues that Defendants cannot assert sovereign immunity as to the official capacity claims because Defendants accepted federal financial assistance which "constituted a knowing a unequivocal waiver" of immunity for claims under Section 504 of the Rehabilitation Act. *Id*. Moreover, Walker asserts that he has met the substantive pleading standards to survive a motion to dismiss. *Id*.

Additionally, Walker argues that Defendants' motion is an improper and untimely attempt to file a Rule 12(b)(6) motion within their Rule 12(c) motion. *Id*. As Defendants have already filed their answer, Walker argues that they are no longer entitled to bring forth a 12(b)(6) motion and are attempting to "back-door heightened pleading standards" into their motion. *Id*.

2

On February 9, 2026, Walker filed a Motion to Compel and connected motion for attorney's fees. [doc. #28]. In his Motion to Compel, Walker seeks an order compelling the deposition of four witnesses, as well as answers to his second request for production of documents. *Id*.

On February 27, 2026, Defendants filed an Opposition to Walker's Motion to Compel. [doc. #32]. Defendants argue that Walker misrepresented the deposition discussions and that they had responded to requests for depositions and attempted to schedule times without success. *Id*. Defendants further argue that Walker failed to comply with Rule 37(a)(1), as he never contacted Defendants regarding their responses to the second set of document requests. *Id*. Finally, Defendants contend that the motion to compel itself was untimely because it was filed on the final day of discovery. *Id*.

The parties did not file replies in support of their respective motions, and the time to do so has elapsed. Accordingly, the motions are now ripe.

## **LAW AND DISCUSSION**

### I.      **Standards of Review**

#### A.      **Federal Rule of Civil Procedure 12(c)**

Under Rule 12(b), a motion asserting a failure to state a claim must be filed before a responsive pleading. Once an answer is filed, the pleadings are closed, and any later challenge to the sufficiency of the complaint must proceed under Rule 12(c). *See Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999). However, Rule 12(b)(6) and Rule 12(c) apply the same legal standard. *See In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007).

In both a Rule 12(b)(6) motion and a Rule 12(c) motion, the "central issue is whether in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id*. ). The

Court, therefore, "accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff." *Thomas v. Wright*, 2025 WL 946977, at \*2 (W.D. La. Mar. 27, 2025). Viewed in this favorable light, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Laviage v. Fite*, 47 F.4th 402, 405 (5th Cir. 2022) ("We review de novo the denial of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), applying the same standard for Rule 12(b)(6) motions to dismiss for failure to state a claim." Therefore, "'[t]o survive a Rule 12(c) motion, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *(quoting Waller v. Hanlon*, 922 F.3d 590, 599 (5th Cir. 2019) (cleaned up) (other citation omitted).

### B.     Motion to Compel

Federal Rule of Civil Procedure 30(a)(1) allows a party, without leave of court, to "depose any person, including a party." FED. R. CIV. P. 30(a)(1). "Further, the party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections." *Sullivan v. Siemens Generation Servs. Corp.*, 2022 WL 2761136, at \*2 (M.D. La. July 14, 2022) (quoting *DeSilva v. Allergan USA*, Inc., 2020 WL 5947621, at \*2 (C.D. Cal. Aug. 11, 2020)) (internal quotation marks omitted). "Because a party seeking to prevent a deposition carries a heavy burden to show why it should be denied, 'it is very unusual for a court to prohibit the taking of a deposition altogether absent extraordinary circumstances.'" *Id*. (quoting *Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 263 (N.D. Cal. Apr. 4, 2012)).

4

II.      **Analysis**

A.      **Motion for Judgment on the Pleadings**

Defendants argue that the ADA claims must be dismissed as to ULM and the individual defendants in their official capacity as the claims are barred by the Eleventh Amendment. [doc. #16-11]. The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. AMEND. XI. The Amendment also precludes jurisdiction where, as here, a citizen brings suit against his own state in federal court. *See Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267-68 (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)). The core function of the Eleventh Amendment is to bar the authority of federal courts to litigate suits brought by citizens against the states. *Pace v. Bogalusa City School Board*, 403 F.3d 272, 276 (5th Cir. 2005)(en banc). "Even in cases where the State itself is not a named defendant, the State's Eleventh Amendment immunity will extend to any state agency or other political entity that is deemed the 'alter ego' or 'arm' of the State." *Vogt v. Board of Com'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Univ. Of California v. Doe*, 519 U.S. 425, 429 (1997).

The first inquiry before the Court, then, is whether Walker has brought suit against an arm of the state which is entitled to immunity from suit. The Fifth Circuit has consistently held that the University of Louisiana System Board and the institutions under its control are "arms" of the state entitled to sovereign immunity. *See Strong v. Grambling State Univ.*, 2015 WL 1401335, at *4 (W.D. La. Mar. 25, 2015) ("Based on controlling precedent, the court finds that Grambling and the UL System Board are arms of the state and are thus entitled to sovereign immunity."). Specifically, this Court has held that "ULM is an 'arm' of the state and not subject to suit." *Allain*

5

*v. Bd. of Supervisors of the Univ. of La. Sys.*, No. 13-2754, 2015 U.S. Dist. LEXIS 147542 (W.D. La. Oct. 29, 2015) (citing *Delahoussaye v. City of New Iberia*, 937 F.2d 144, 148, (5th Cir. 1991)). Further, state sovereign immunity extends to claims for money damages against state officers in their official capacities. *McCarthy ex rel. Travis v. Hawkins*, 381 F.3d 407, 412 (5th Cir. 2004).

However, there are two exceptions to the rule of sovereign immunity. A state may waive its immunity by consenting to suit. *See*, *e.g.*, *Coll. Savings Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 670 (1999) (citing *Clark v. Barnard*, 108 U.S. 436, 447-48 (1883)). Second, Congress may abrogate state sovereign immunity pursuant to the enforcement power conferred by Section 5 of the Fourteenth Amendment. *Id.* Neither exception applies here.

The State of Louisiana (and, therefore, ULM) has not consented to suit against it in federal court. *See* La. R.S. 13:5106 ("No suit against the state or a state agency or political subdivision shall be instituted in any court other than a Louisiana state court"). Walker is correct that States can, under certain circumstances, waive their sovereign immunity by accepting federal funds and then violating "section 504 of the Rehabilitation Act of 1973, title IX of the Education Amendments of 1972, the Age Discrimination Act of 1975,  title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." 42 U.S.C. § 2000d-7(a)(1). However, Walker did not bring a claim under the Rehabilitation Act. His claims are brought under Title I of the ADA.[1] Unlike the Rehabilitation Act, the ADA is not among the statutes mentioned in § 2000d-7(a)(1). The Fifth Circuit has also made clear that the ADA does not fall within the scope of the residual clause of §

---

[1] Title I of the ADA prohibits the State and other employers from "discriminat[ing] against a qualified individual with a disability because of th[at] disability...in regard to...terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). Because Walker's claims relate to his employment at ULM, they fall under Title I of the ADA.

6

2000d-7(a)(1).  *Cronen v. Tex. Dep't. of Human Servs.*, 977 F.2d 934 (5th Cir. 1992); *Sullivan v. Tex. A&M Univ. Sys.*, 986 F.3d 593 (5th Cir. 2021).

Further, Walker's arguments are foreclosed by the Supreme Court's decision in *Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 364 (2001).  In that decision, the Supreme Court determined that Congress has not abrogated state sovereign immunity for claims under Title I of the ADA, and, thus, held that the Eleventh Amendment bars ADA Title I claims against the states in federal court.  *Id*.

Finally, Walker concedes that the ADA does not permit recovery against individuals in their personal capacity.  [doc. #26-1, p. 11].  Accordingly**, IT IS RECOMMENDED** that Defendants' Motion for Judgment on the Pleadings be **GRANTED** and all ADA claims against Defendants be **DISMISSED WITH PREJUDICE**.

### B.  Walker's Motion to Compel

Walker argues that Defendants should be compelled to produce four witnesses for deposition: Anderson, Dr. Jeffrey Evans, Dr. Ashley Barbo, and Jessica Brady.  [doc. #28-1, p.1].  Walker asserts that he reached out to Defendants on multiple occasions to attempt to schedule the depositions of the aforementioned witnesses.

In their opposition, Defendants argue that Walker misrepresented the discussions which occurred between the parties to schedule depositions.  [doc. #32].  Specifically, Defendants contend that they responded to Walker's requests.  Further, Defendants assert that Walker did not comply with Rule 37(a)(1) and filed the motion to compel on the final day of discovery, making the motion untimely.

The Court agrees with Defendants on all fronts and finds that Walker's Motion to Compel must be denied.

Turning first to the issue of timeliness, the Court finds that the Motion to Compel was untimely under the factual circumstances of this particular case. The Fifth Circuit Court of Appeals has noted that its "precedent suggests that a district court is within its discretion to deny a motion to compel filed on or after the court-ordered discovery deadline—regardless of the requested discovery's value to the party's case." *McCollum v. Puckett Machinery Co.*, 628 F. App'x 225, 228 n. 4 (5th Cir. 2015) (citing *Grey v. Dallas Indep. Sch. Dist.*, 265 F. App'x 342, 348 (5th Cir. 2008) (finding no abuse of discretion in the denial of a motion to compel discovery filed on the day of the discovery deadline after an extensive discovery period); *Turnage v. Gen. Elec. Co.*, 953 F.2d 206, 209 (5th Cir.1992) (holding that the district court did not abuse its discretion when it denied plaintiff's request to conduct potentially dispositive discovery, "given (i) the imminence of trial, (ii) the impending discovery deadline, and (iii) [plaintiff's] failure to request an inspection earlier"); *Days Inn Worldwide, Inc. v. Sonia Invs.*, 237 F.R.D. 395 (N.D. Tex. 2006) (noting that relevance and importance of discovery were not generally considered by courts in deciding whether to consider an untimely motion and that both were inconsistent with a delay in seeking the discovery)).

While the Court's scheduling order does not set a specific deadline for filing a motion to compel, in this instance, Walker did not present any explanation for the delay in filing until the very last day of the discovery period. Further, by Walker's own admission, he did not make any request to depose two of the witnesses until less than a month prior to the conclusion of discovery. [doc. #38-1, p. 3]. Thus, while Walker did not fail to comply with a set deadline, his actions in this case render the filing of the motion untimely.

Even if the motion were considered timely, Walker also failed to comply with Rule 37's "meet and confer" requirement. Under Rule 37, any party who files a motion to compel must

"include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." FED. R. CIV. P. 37(a)(1).  Failure to comply with the meet and confer requirement may constitute sufficient reason to deny a motion to compel.  *See Dean v. AKAL Security, Inc.*, WL 1549017, at *3 (W.D. La. 2019) (citing *Cottonham v. Allen*, 2016 WL 4035331, at *2 (M.D. La. 2016); *Shaw Grp. Inc. v. Zurich Am. Ins. Co.*, 2014 WL 4373197, at *3 (M.D. La. Sept. 3, 2014)).

Rule 37(a)(1) provides the parties must provide the "specific topics that were addressed in the [Rule 37] conference" and attempt to resolve the issue without court interference.  *Tijerino v. Spotify USA Inc.*, 2025 WL 1866057 *6 (E.D. La. July 7, 2025).  Failure to meet and confer "about each disputed response...prior to filing the discovery motion constitutes sufficient reason in itself to deny the motion." *Id*.  Walker did not comply with the meet and confer requirements under Rule 37.

Finally, even if Walker had timely filed the motion and properly carried out a Rule 37 conference, Walker seeks relief based on his own failure to timely notice a deposition.  A party may, by oral questions, depose any person, including another party, but must provide reasonable written notice to every other party.  FED. R. CIV. P. 30(a) &(b)(1).  The notice also must state the time and place of the deposition, and if known, the deponent's name and address. FED. R. CIV. P. 30(b)(1).  While Rule 30(b)(1) does not define "reasonable written notice," courts within the Fifth Circuit have held that at least ten calendar days is normally required.  *Duhaly v. Cincinnati Ins. Co.*, 2019 WL 3202307, at *1 (S.D. Tex. July 16, 2019) (collecting cases).

In addition, a party may name an entity as a deponent so long as the party also describes with reasonable particularity the matters for examination.  FED. R. CIV. P. 30(b)(6).  The named entity/deponent then must designate one or more persons or officials and the matters upon which

9

each will testify. *Id*.

In his motion, Walker petitions the court for relief pursuant to Rules 35-37 of the Federal Rules of Civil Procedure. However, Walker did not identify any specific provision of the rules that apply to the present circumstances. Generally, Rule 37(a) governs motions to compel discovery. See FED. R. CIV. P. 37(a); *MetroPCS v. Thomas*, 327 F.R.D. 600, 611 (N.D. Tex. 2018). However,

> Rule 37(a) does not, by its terms, address a motion to compel a party or non-party to appear for a deposition. The only recourse expressly provided under the Federal Rules for a party seeking another party's deposition is to properly notice the deposition and file a motion under Federal Rule of Civil Procedure 37(d)(1)(A) if and when the deponent fails to appear.

*MetroPCS*, *supra* (citations omitted). Furthermore, a party may compel a non-party deponent's attendance at his or her deposition by issuance of a subpoena under Rule 45. FED. R. CIV. P. 30(a)(1).

Here, Defendants have not failed to appear for their depositions; rather, no depositions were scheduled. "[B]ecause Rule 37(a) does not authorize a motion to prospectively compel a non-party (or, for that matter, a party) to appear for a deposition, and because [the deponent] did not appear and fail to answer a question asked under Rule 30, there are no grounds for a motion under Rule 37(a) . . ." *MetroPCS*, 327 F.R.D. at 614. The same result obtains here.

Accordingly, **IT IS ORDERED** that Walker's Motion to Compel [doc. #28] is **DENIED**.

### **CONCLUSION**

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant's Motion for Judgment on the Pleadings [doc. #16] be **GRANTED** and all ADA claims against Defendants be **DISMISSED WITH PREJUDICE**.

Further, **IT IS ORDERED** that Walker's Motion to Compel [doc. #28] be **DENIED.**[2]

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under FED. R. CIV. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See Douglass v. U.S.A.A.*, 79 F.3d 1415 (5th Cir. 1996) (en banc).

In Chambers, at Monroe, Louisiana, on this 16th day of April, 2026.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE

---

[2] Although the undersigned has ruled on Plaintiffs' Motion to Compel within a Report and Recommendation and Memorandum Order, this motion is not excepted in 28 U.S.C. § 636(b)(1)(A) and not dispositive of any claim on the merits within the meaning of Rule 72 of the Federal Rules of Civil Procedure. Therefore, this order issues on the date of this Report and Recommendation and Memorandum Order. Any objection/appeal must be made to the district judge in accordance with Rule 72(a) of the Federal Rules of Civil Procedure within fourteen (14) days of this date.